# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LOPEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>AT&T MOBILITY SERVICES, LLC,<br><br>                    Defendant. | Case No. 1:20-cv-01219-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER DENYING STIPULATED MOTION TO EXTEND DEADLINES AND TRIAL DATES<br><br>(ECF Nos. 11, 12, 13) |

Plaintiff Charlene Lopez initiated this action in state court on July 15, 2020, against Defendant AT&T Mobility Services, LLC. (Ex. A, ECF No. 1 at 11–47.) On August 27, 2020, Defendant removed the action to this District. (ECF No. 1.) The Court issued a scheduling order on November 4, 2020. (ECF No. 8.) Pursuant to the original scheduling order, the pretrial conference was set for June 24, 2022, and trial is set to commence on August 16, 2022. (ECF No. 8.) On October 25, 2021, the Court granted a stipulated request to modify the schedule to extend the discovery deadlines by approximately four months, but the pretrial conference and trial dates were not continued. (ECF Nos. 9, 10.)

Pursuant to the scheduling order, the parties were required to file a joint pretrial statement a week prior to the pretrial conference, or June 17, 2022, in accordance with Local Rule 281(a)(2). (ECF No. 8 at 5.) The parties failed to file a joint pretrial statement. Accordingly, on

June 21, 2022, the Court issued an order to show cause why sanctions should not be issued for the failure to comply with the scheduling order and timely file a joint pretrial statement. (ECF No. 11.) At that time, the Court also continued the pretrial conference to July 8, 2022.

On June 22, 2022, the parties filed a joint response to the order to show cause, as well as a stipulated request to extend the discovery deadlines and to continue the trial and pretrial conference dates, which the Court construes as a stipulated motion to modify the scheduling order to reopen discovery and continue the trial and pretrial conference dates. (ECF Nos. 12, 13.) As to the response to the order to show cause, the parties apologize for their failure to comply with the scheduling order and indicate such failure will not be repeated in the future. (ECF No. 13 at 2.) No further explanation is provided. Nonetheless, the Court shall discharge the order to show cause. However, the Court denies the parties' request to modify the scheduling order for the following reasons.

Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases). Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

When the motion to extend time is made after time has expired, the Court must also consider excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit requires district courts to consider the following factors in determining whether to modify a Rule 16 scheduling order to reopen discovery:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting U.S. ex rel.

Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)).  Thus, if the parties wish to modify the schedule to reopen discovery at this juncture, they must seek leave to do so by way of a properly-noticed motion or through stipulation, supported by good cause under Fed. R. Civ. P. 16(b) and controlling Ninth Circuit precedent.  Again, the parties are cautioned that requests to modify the briefing schedule that are made on the eve of a deadline or thereafter are strongly disfavored; therefore, to the extent they wish to modify the schedule via stipulated request, they must still stipulate to a factual basis that sets forth a particularly strong showing of good cause for the delay in seeking an extension.

Here, the Court notes the discovery deadlines, as amended on October 25, 2021, were set as follows: (1) non-expert discovery: February 28, 2022; (2) expert disclosure: March 18, 2022; (3) supplemental expert disclosure: April 11, 2022; and (4) expert discovery: May 16, 2022. (ECF No. 10.)  As apparent from these extended deadlines, the last discovery deadline expired over a month ago.  Thus, the parties do not merely seek to extend the discovery deadlines; they seek to reopen discovery.

The parties' stipulated motion, however, does not even *acknowledge* the untimeliness of the parties' request, let alone proffer any good cause basis for the requested relief.  Indeed, this stipulated motion is nothing more than a bare-bones stipulation indicating the new dates the parties wish to set for discovery, alongside a request to continue the trial and pretrial conference dates.  (See generally ECF No. 12.)  Even the response to show cause, while apologizing for the failure to timely file a joint pretrial statement, provides no explanation for the parties' failure to seek a modification sooner, instead allowing discovery to close entirely before seeking to extend those deadlines.  Such failure is particularly egregious where the request was not made until the eve of trial, thus wasting the time and resources of the Court, as well as other parties, whose cases could have been scheduled for trial on the dates currently reserved for the instant matter.

At most, the parties proffer that they "continued to work on scheduling depositions . . . [of] some former AT&T employees," but that these depositions have not yet been completed "due to further calendaring conflicts and trial schedules for all counsel."  (See ECF No. 13 at 2.)  The Court notes this is essentially the same reason the parties proffered when they sought the first

extension of discovery deadlines, nearly a year ago.  (See ECF No. 9 ("The parties have conducted initial disclosures and some written discovery.  The parties are working on setting depositions including those of several current and former AT&T employees and plaintiff.  Due to schedules and other constraints. . . .").)  The parties do not indicate what additional discovery they have completed since the last stipulation they submitted on October 21, 2021, and the mere proffer of "calendaring conflicts" and unspecified "other constraints" is not well-taken.  The parties also proffer that they have agreed to attend mediation and that mediation is currently scheduled for September 30, 2022, with Jill Sperber, Esq. at Judicate West.  (ECF No. 13 at 2.)  They do not indicate, however, when the agreement to mediate was reached.  Nor do they provide any explanation for why they scheduled mediation for a date occurring over a month after trial is set to commence on this matter, yet did not deem it appropriate to seek a modification of the schedule with the Court or otherwise notify the Court of their plans.

In short, it is unclear to this Court what diligence the parties have used, *if any*, since the Court last extended the discovery deadlines to complete discovery, seek a modification of the schedule, or otherwise attempt to resolve this action.  The parties' instant filings shed no light on this issue and are therefore not actually responsive to the Court's June 21, 2022 order.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The June 21, 2022 order to show cause (ECF No. 11) is DISCHARGED;
2. The parties' joint motion to modify the schedule to reopen discovery and continue the trial and pretrial conference dates is DENIED (ECF No. 12), without prejudice to a renewed joint motion that comports with the Local Rules and Federal Rules of Civil Procedure; and

///

///

///

---

[1] The parties additionally proffer that the reason the joint pretrial statement was not filed with the Court was because they had already agreed to further extend the deadlines and to request a continuance of the trial and related dates. (ECF No. 13 at 2.)  This explanation strains credulity.  It seems obvious that, if the parties intended to request a continuance of the trial dates, they should have done so *well in advance* of the deadline to file the joint pretrial statement, and not after the expiration of that deadline and upon threat of sanctions by the Court.

3. The pretrial conference and trial dates, currently set for July 8, 2022, and August 16, 2022, respectively, remain unchanged at this time.

IT IS SO ORDERED.

Dated: __**June 23, 2022**__                     _____
                                              UNITED STATES MAGISTRATE JUDGE