# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY SERVICES, LLC,<br><br>    Defendant. | Case No. 1:20-cv-01219-SAB<br><br>ORDER GRANTING STIPULATED MOTION TO REOPEN DISCOVERY, AND MODIFY DEADLINES AND TRIAL DATE<br><br>(ECF No. 15) |

## I.

## BACKGROUND

Plaintiff Charlene Lopez initiated this action in state court on July 15, 2020, against Defendant AT&T Mobility Services, LLC, and on August 27, 2020, Defendant removed the action to this District. (ECF No. 1.) The Court issued a scheduling order on November 4, 2020. (ECF No. 8.) Pursuant to the original scheduling order, the pretrial conference was set for June 24, 2022, and trial is set to commence on August 16, 2022. (ECF No. 8.) On October 25, 2021, the Court granted a stipulated request to modify the schedule to extend the discovery deadlines by approximately four months, but the pretrial conference and trial dates were not continued. (ECF Nos. 9, 10.)

Pursuant to the scheduling order, the parties were required to file a joint pretrial statement a week prior to the pretrial conference, or June 17, 2022, in accordance with Local Rule

281(a)(2). (ECF No. 8 at 5.) The parties failed to file a joint pretrial statement. Accordingly, on June 21, 2022, the Court issued an order to show cause why sanctions should not be issued for the failure to comply with the scheduling order and timely file a joint pretrial statement. (ECF No. 11.) At that time, the Court also continued the pretrial conference to July 8, 2022.

On June 22, 2022, the parties filed a joint response to the order to show cause, as well as a stipulated request to extend the discovery deadlines and to continue the trial and pretrial conference dates, which the Court construed as a stipulated motion to modify the scheduling order to reopen discovery and continue the trial and pretrial conference dates. (ECF Nos. 12, 13.)

On June 23, 2022, the Court discharged the order to show cause but denied the motion to modify the scheduling order because the parties had made no demonstration of diligence under the good cause standard to reopen discovery. (ECF No. 14.) On July 1, 2022, the parties filed a stipulated motion to reopen discovery and modify the scheduling order. (ECF No. 15.)

## II.

## LEGAL STANDARD

Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases). Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

When the motion to extend time is made after time has expired, the Court must also consider excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit requires district courts to consider the following factors in determining whether to modify a Rule 16 scheduling order to reopen discovery:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for

2

discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)).

## III.

## DISCUSSION

The parties renewed motion to reopen discovery extensively sets forth the course of discovery and communications that occurred between the parties from October 2021 to June 2022; and details the other court actions that counsel were involved with at the same time. (ECF No. 15 at 2-7.) While it would have been prudent for the parties to file the instant motion prior to the deadline for filing the pretrial conference report, the Court finds the parties have sufficiently demonstrated diligence and good cause to reopen discovery, and the Court finds good cause to modify the scheduling order and reset the pretrial conference and trial dates in this matter. The Court finds the fact the parties have a scheduled mediation provides additional good cause.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the parties stipulated motion is GRANTED, and the scheduling order is modified as follows:

1. Nonexpert Discovery Deadline: November 28, 2022;
2. Expert Disclosure Deadline: December 28, 2022;
3. Supplemental Expert Disclosure Deadline: January 27, 2023;
4. Expert Discovery Deadline: February 28, 2023;
5. Dispositive Motion Filing Deadline: March 14, 2023;
6. Pre-trial Conference: April 21, 2023, at 9:30 a.m. in Courtroom 9; and

///
///
///
///

7. Trial: June 27, 2023, at 8:30 a.m. in Courtroom 9.

All other dates and aspects of the scheduling order, as previously modified, shall remain in effect.

IT IS SO ORDERED.

Dated: __**July 5, 2022**__

_____
UNITED STATES MAGISTRATE JUDGE