# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LOPEZ, | Case No. 1:20-cv-01219-SAB |
| Plaintiff, | ORDER VACATING ALL MATTERS AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS |
| v. | |
| AT&T MOBILITY SERVICES, LLC, | (ECF No. 27) |
| Defendant. | **DEADLINE: DECEMBER 26, 2023** |

This action was removed to this Court from the Kern County Superior Court on August 27, 2020. (ECF No. 1.) On December 4, 2023, the parties filed a notice of settlement. (ECF No. 27.) The parties request the Court vacate all dates and set an order to show cause re dismissal in sixty (60) days. (Id.)

Pursuant to Local Rule, the Court is required to fix a date for dispositional documents to be filed within twenty-one (21) days, absent good cause shown to extend such time. L.R. 160(b). While the parties reference an OSC in sixty (60) days, the parties have presented no specific showing of good cause for extending the time period set by the Local Rule. The Court shall set a deadline of twenty-one days based on the filing, however, the parties may request an extension through a stipulation demonstrating good cause for the needed extension. In this regard, the parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action. Further this Court generally declines generic requests to retain

1

jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Accordingly, IT IS HEREBY ORDERED that:

1. All pending dates and matters are VACATED; and
2. The parties shall file dispositional documents on or before December 26, 2023.

IT IS SO ORDERED.

Dated:   **December 5, 2023**

UNITED STATES MAGISTRATE JUDGE