# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T MOBILITY SERVICES, LLC,<br><br>　　　　Defendant. | Case No. 1:20-cv-01219-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 30) |

　　　　On December 28, 2023, a stipulation was filed dismissing this action with prejudice and with each party to bear its own costs and fees. (ECF No. 30.) The stipulation also provides that "[t]he District Court shall retain jurisdiction to enforce the terms of the parties' Settlement Agreement, and Plaintiff requests that the District Court include language to that effect in any order dismissing this action." (Id. at 2.)

　　　　In the Court's December 5, 2023 order requiring parties to file dispositional documents (ECF No. 28), the Court advised the parties that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action, and that the Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994)

("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")

The parties' instant stipulation requests that the Court retain jurisdiction "to enforce the terms of the parties' Settlement Agreement." (ECF No. 30 at 2.) Thus, the terms of the settlement agreement have been finalized and the agreement has been executed. The parties therefore request that the Court retain jurisdiction after dismissal for *performance* of the parties' agreement. However, the parties fail to provide any facts showing good cause for the Court to retain jurisdiction for mere performance of the finalized settlement agreement.[1] Accordingly, absent a showing of good cause, the Court denies Plaintiff's generic request to retain jurisdiction following the stipulated dismissal.

In light of the stipulation of the parties, this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed with prejudice and without an award of costs or attorneys' fees.

Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **December 29, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the parties agree settlement payment was delivered to counsel for Plaintiff on December 26, 2023. (ECF Nos. 31, 32) In addition to the absence of a showing of good cause, the parties fail to proffer what residual "terms of the parties' Settlement Agreement" need to be enforced to support the Court's retention of jurisdiction. (ECF No. 30 at 2.)